DECISION
{¶ 1} Defendant-appellant, Tracy Lee Biggs, appeals from a judgment of the Franklin County Court of Common Pleas finding her guilty of one count of possession of cocaine, in violation of R.C.2925.11(A) and (C)(4).
{¶ 2} On March 7, 2001 at approximately 4:20 p.m., Columbus Police Officers Richard Griggs and Darren Egelhoff were in a marked cruiser patrolling an area in the vicinity of the intersection of West Broad Street and Lechner Avenue. The area was known for illegal drug activity. While driving through an alley, the officers observed defendant walking away from an apartment building that Officer Griggs knew to be a place where cocaine sales had occurred in the past. As defendant walked down the alley, she repeatedly turned around to look at the approaching cruiser. Defendant then removed her hands from her coat pocket and pulled them up into her sleeves.
{¶ 3} The officers pulled their cruiser up next to defendant and stopped. Although neither officer asked defendant to stop, she did so when the cruiser pulled up next to her. Officer Egelhoff asked defendant how she was doing and defendant replied that she was okay. Officer Egelhoff then asked defendant her name, and she replied by giving her last name. Officer Griggs then inquired whether defendant's first name was Tracy, and she replied affirmatively. Officer Griggs then recognized defendant as someone with whom he had previously had contact.
{¶ 4} Both officers then exited their cruiser and continued to converse with defendant. When asked where she was coming from, defendant said she had gone to the apartment building to visit her friend Buttercup. The officers knew that an individual named Buttercup sold cocaine from the apartment building.
{¶ 5} Officer Griggs then asked defendant if he could search her jacket and she consented. However, defendant had some difficulty removing her jacket, as she removed it by shrugging her shoulders and without using her hands. When defendant finally got her jacket off, she pulled her closed fists back up into her shirtsleeves. As Officer Griggs was searching defendant's jacket, Officer Egelhoff asked defendant what she had in her hands. Defendant then tried to shove something up one of her sleeves and Officer Egelhoff observed a plastic baggie sticking out of the sleeve. Officer Egelhoff grabbed defendant's arms and sat defendant on the ground. Officer Egelhoff then observed defendant trying to shove something under her leg.
{¶ 6} The officers then handcuffed defendant and stood her up. Officer Egelhoff then reached up her sleeve and removed a crack pipe and Officer Griggs recovered a plastic baggie containing what he believed to be crack cocaine from the ground where defendant had been sitting. The officers then conducted a field test of the substance in the baggie. The results of the test indicated that the substance was crack cocaine.
{¶ 7} Later that day, Officers Griggs and Egelhoff interviewed defendant at police headquarters. After being advised of her Miranda rights, defendant signed a waiver and told the officers that she had purchased $80 worth of crack cocaine from a man in one of the apartments. She had then given half the cocaine she purchased to another individual who had helped her buy the cocaine, and smoked one-half of her share before leaving the apartment building.
{¶ 8} On May 25, 2001, the Franklin County Grand Jury indicted defendant on one count of possession of cocaine. Beginning on September 25, 2001, defendant was tried before a jury. On September 27, 2001, the jury found defendant guilty. The trial court subsequently sentenced defendant to 11 months of incarceration. Defendant appeals from her conviction and sentence assigning the following errors:
{¶ 9} "Assignment of Error One:
{¶ 10} "EVIDENCE AGAINST THE DEFENDANT WAS INSUFFICIENT TO CONVICT HER.
{¶ 11} "Assignment of Error Two:
{¶ 12} "APPELLANT WAS DENIED A FAIR TRIAL AS A RESULT OF THE FAILURE OF HER TRIAL COUNSEL TO OFFER EVIDENCE OR TO PROVIDE EFFECTIVE ASSISTANCE BEFORE TRIAL.
{¶ 13} "Assignment of Error Three:
{¶ 14} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO SUPPRESS THE OFFICERS' SEARCH AND DEFENDANT'S STATEMENTS.
{¶ 15} "Assignment of Error Four:
{¶ 16} "THE TRIAL COURT ERRED AND IMPOSED SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTIONS 2929.12 AND 2929.13."
{¶ 17} For organizational purposes, we will address defendant's assignments of error out of order, beginning with her third assignment of error. Defendant's third assignment of error purports to challenge the trial court's failure to grant defendant's motion to suppress the evidence obtained as a result of the search and seizure of her person and motion to suppress the statements she made at the police station. However, the argument contained under defendant's third assignment of error actually challenges an evidentiary ruling made by the trial court during the suppression hearing. At the suppression hearing, defense counsel cross-examined Officer Griggs at length regarding the fact that had he been placed on restricted duty as the result of a pending investigation into his searches of several drug suspects in early 2001. However, when defense counsel attempted to question Officer Griggs about his disciplinary record as a police officer and present him with a computer printout of his disciplinary record, the state objected, and the trial court sustained the objection. Defendant now contends that the trial court's refusal to allow him to inquire into Officer Griggs' disciplinary record resulted in the denial of her motions to suppress, as the inquiry would have severely undermined Officer Griggs' credibility.
{¶ 18} We have reviewed the computer printout of Officer Griggs' disciplinary record, which was proffered but not admitted into evidence. The printout contains nothing of relevance to defendant's motions to suppress. Further, nothing in the printout taints Officer Griggs' credibility such that the trial court would have been compelled to grant defendant's motions to suppress.
{¶ 19} Defendant's third assignment of error is overruled.
{¶ 20} Defendant's first assignment of error challenges the sufficiency of the evidence supporting her conviction. In reviewing a claim that a criminal conviction is against the sufficiency of the evidence, an appellate court must determine whether the evidence presented at trial and viewed in a light most favorable to the prosecution would allow a rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
{¶ 21} In order to convict defendant of the crime of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4), the state was required to establish that defendant knowingly obtained, possessed, or used cocaine. The testimony of Officers Griggs and Egelhoff provided evidence of the following: defendant attempted to conceal a plastic baggie up her shirtsleeve. Shortly thereafter, defendant attempted to shove something under her leg as she sat on the ground. Immediately thereafter, a baggie containing a substance believed to be crack cocaine was recovered from the ground in the location where defendant had been sitting. Laboratory testing established that the substance in the baggie was crack cocaine. Finally, defendant admitted that she had purchased and smoked crack cocaine just prior to being arrested.
{¶ 22} Defendant contends that the state's evidence was insufficient because there was no evidence that defendant was in actual possession of the crack cocaine recovered by the police. Defendant is correct that the state did not present any direct evidence that she possessed the crack cocaine recovered by the police. Nonetheless, the police officers' testimony that defendant was observed trying to conceal a baggie up her shirtsleeve and shoving something under her leg, and that a baggie containing crack cocaine was subsequently found on the ground where defendant had been sitting only moments earlier provide ample circumstantial evidence from which the jury could reasonably find that defendant had been in possession of the baggie containing the crack cocaine prior to depositing it on the ground.
{¶ 23} However, even without the circumstantial evidence that defendant possessed the crack cocaine found in the baggie, there is sufficient evidence to support defendant's conviction. Officer Griggs testified that following her arrest, defendant confessed to having purchased and smoked crack cocaine in the apartment just prior to her arrest. This testimony indicates that defendant knowingly "obtained" and "used" crack cocaine. Thus, this testimony is, standing alone, sufficient to support defendant's conviction for violating R.C. 2925.11(A) and (C)(4).
{¶ 24} Defendant's first assignment of error is overruled.
{¶ 25} In her second assignment of error, defendant asserts that she did not receive effective assistance of counsel as guaranteed by theSixth and Fourteenth Amendments to the United States Constitution. The analysis of a claim of ineffective assistance of counsel is a two-step process. First, defendant must demonstrate that her counsel's performance was deficient and that counsel's error was "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. Second, defendant must demonstrate that she was prejudiced by her counsel's errors, by showing that counsel's errors served to deprive her of a fair trial. Id. To satisfy the second part of the test, defendant must show that there is a reasonable probability that but for her counsel's unprofessional errors, the result of her trial would have been different. Id. at 694.
{¶ 26} Defendant contends that she was denied effective assistance of counsel because the motions to suppress that her trial counsel filed contained only boilerplate language and no recitation of the specific facts of her case. While it is true that the motions to suppress filed by trial counsel are brief and lack any factual specifics, even defendant concedes that her trial counsel's performance at the hearing on the motions to suppress was "well reasoned and clear." The transcript reveals that trial counsel presented legally appropriate and factually specific arguments at the suppression hearing. This performance served to cure any defects that may have existed in the motions to suppress. Accordingly, defendant was not prejudiced in any way by the lack of specificity of the motions to suppress filed by her trial counsel.
{¶ 27} Defendant's second assignment of error is overruled.
{¶ 28} In her fourth assignment of error, defendant challenges the prison sentence imposed by the trial court on the grounds that the findings underlying the sentence are not supported by the record.
{¶ 29} The crime for which defendant was convicted is classified as a fifth degree felony under Ohio's statutory sentencing scheme. R.C.2925.11(C)(4)(a). R.C. 2929.13(B) governs a trial court's imposition of a prison sentence upon an offender who commits a fifth degree felony. Pursuant to R.C. 2929.13(B)(2)(a), the court is first required to determine whether any of nine factors specified in R.C. 2929.13(B)(1) apply to the case before it. R.C. 2929.13(B)(2)(a) further requires that if the court makes a finding that at least one of the R.C. 2929.13(B)(1) factors is applicable, and if the court, after considering the factors specified in R.C. 2929.12 with regard to the seriousness of the offense and the recidivist nature of the offender, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction, "the court shall impose a prison term upon the offender."
{¶ 30} In the present case, the trial court found two of the R.C.2929.13(B)(1) factors: (1) that defendant committed the offense for hire or as part of an organized criminal activity (R.C. 2929.13[B][1][e]); and (2) that defendant previously had served a prison term (R.C.2929.13[B][1][g]). Defendant contends that there is no support in the record for the trial court's finding that she committed the offense of possession of cocaine for hire or as part of an organized criminal activity.
{¶ 31} R.C. 2953.08(G)(2), which governs appellate review of criminal sentencing, provides that an appellate court may increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter to the sentencing court for resentencing if the court clearly and convincingly finds that: (1) the record does not support the sentencing court's findings; or (2) the sentence imposed is contrary to law. State v. Price (Dec. 31, 2001), Franklin App. No. 00AP-1434.
{¶ 32} Our review of the record in this case reveals that there is no evidence whatsoever to support the trial court's finding that defendant committed the crime of possession of cocaine for hire or as part of an organized criminal activity. The evidence shows only that defendant purchased a relatively small quantity of crack cocaine for herself and another person. There is no evidence that defendant was compensated by the other person for whom she bought crack cocaine, or that defendant's role in the drug transaction was anything other than that of an ordinary drug user. Thus, the record does not support the trial court's finding under R.C. 2929.13(B)(1)(e).
{¶ 33} The state argues, however, the trial court's error in finding that R.C. 2929.13(B)(1)(e) applied to defendant's conduct was harmless, because the court's finding under R.C. 2929.13(B)(1)(g), that defendant had previously served a prison term is, by itself, legally sufficient to support the sentence that the trial court imposed. While the state is correct that the trial court was only required to find one of the R.C. 2929.13(B)(1) factors in order to lawfully impose a prison term, R.C. 2953.08(G)(2) authorizes an appellate court to remand a case for resentencing where "the record does not support the sentencing court's findings under division (B) * * * of section 2929.13." In the present case, the 11-month prison term imposed by the trial court is only one month short of the maximum sentence that the trial could have lawfully imposed. R.C. 2929.14(A)(5). Given the relative severity of this sentence, we believe that this matter must be remanded for resentencing in light of our conclusion that the record is devoid of any support for one of the only two R.C. 2929.13(B)(1) factors that the trial court found applicable in sentencing defendant.
{¶ 34} Appellant's fourth assignment off error is sustained.
{¶ 35} Having overruled defendant's first, second, and third assignments of error, but having sustained defendant's fourth assignment error, the judgment of the Franklin County Common Pleas Court is affirmed in part, reversed in part, and this matter is remanded for resentencing.
Judgment affirmed in part, reversed in part, and cause remanded for resentencing.
TYACK, P.J., and LAZARUS, J., concur.